IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RHONDA MATHIS                                                                                    PLAINTIFF

vs.                                         Civil No. 2:12-cv-02187

CAROLYN W. COLVIN                                                                          DEFENDANT
Commissioner, Social Security Administration

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Rhonda Mathis ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable P. K. Holmes, III, referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **REVERSED and REMANDED.**

### 1. Background:

Plaintiff filed her application for SSI on June 21, 2006. (Tr. 109-111).[1] Plaintiff alleged she was disabled due to panic disorder and back pain. (Tr. 132). Plaintiff alleged an onset date of January 1, 2006. (Tr. 109). This application was denied initially and again on reconsideration. (Tr. 77-84).

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

On July 19, 2007, Plaintiff requested an administrative hearing on her application. (Tr. 85). This hearing request was granted, and an administrative hearing was held on December 1, 2008. (Tr. 16-57). On May 11, 2009, the ALJ entered an unfavorable decision on Plaintiff's application for SSI. (Tr. 65-72). Plaintiff appealed this decision and on July 13, 2011, this Court remanded the case for further administrative proceedings. (469-476).

On December 14, 2011, Plaintiff had her second administrative hearing. (Tr. 430-464). Plaintiff was present and was represented by counsel, Davis Duty, at this hearing. *See id.* Plaintiff, her husband Jerry Thompson, and Vocational Expert ("VE") Monte Lumpkin, testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-three (43) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) and had obtained her GED. (Tr. 21-22).

On May 15, 2012, the ALJ entered an unfavorable decision on Plaintiff's application for SSI. (Tr. 414-424). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 21, 2006. (Tr. 416, Finding 1).

The ALJ determined Plaintiff had the severe impairments of disorder of the back, mood disorder, anxiety disorder, pain disorder associated with both psychological factors and general medical condition, substance abuse and personality disorder. (Tr. 416, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 416, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 418-422). First, the ALJ indicated he evaluated

Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. (Tr. 419). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform sedentary work with occasional balancing, stooping, kneeling, crouching, crawling, and climbing of ladders, ropes, scaffolds, ramps, and stairs. (Tr. 418, Finding 4). The ALJ further found that Plaintiff was limited to simple, routine and repetitive tasks involving only simple work-related decisions with few, if any, workplace changes and no more than incidental contact with coworkers, supervisors and the general public. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 422, Finding 5). The ALJ determined Plaintiff had no PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 422-423, Finding 9). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as assembly and production worker with approximately 1,231 such jobs in Arkansas and 79,877 such jobs in the nation, and work as an inspector, checker, examiner and weigher with approximately 167 such jobs in Arkansas and 13,190 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from June 21, 2006 through the date of the ALJ's decision. (Tr. 423, Finding 10).

On August 20, 2012, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 12, 13. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2008); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See id.; Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. Specifically, Plaintiff claims the ALJ erred (1) in failing to fully and fairly develop the record, (2) by failing to properly consider Plaintiff's subjective complaints, (3) in his RFC determination, and (4) in his Step 5 determination. ECF No. 12, Pages 10-18. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 13. Because this Court finds the ALJ erred in his RFC determination, this Court will only address this point raised by Plaintiff.

Plaintiff claims substantial evidence does not support the ALJ's RFC determination. Defendant argues the ALJ properly determined the Plaintiff's RFC. Prior to Step Four of the

sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined the Plaintiff had the RFC to perform sedentary work with occasional balancing, stooping, kneeling, crouching, crawling, and climbing of ladders, ropes, scaffolds, ramps, and stairs. (Tr. 418, Finding 4). The ALJ further found that Plaintiff was limited to simple, routine and repetitive tasks involving only simple work-related decisions with few, if any, workplace changes and no more than incidental contact with coworkers, supervisors and the general public. *Id*.

Plaintiff argues the ALJ's RFC determination is flawed because the ALJ failed to properly account for Plaintiff's mental limitations in his RFC assessment. ECF No. 12, Pgs. 15-16.

Specifically, Plaintiff claims the ALJ erred in his treatment of the opinions from Dr. Kathleen Kralik, Dr. Robert Spray and Dr. Patricia Walz. *Id.*

Dr. Kralik performed a Mental Status Diagnostic Evaluation of Plaintiff on January 22, 2007. (Tr. 300-309). Dr. Kralik found Plaintiff's ability to attend and sustain concentration on basic tasks, and to complete tasks within an acceptable time frame, seemed problematic. (Tr. 307). Additionally, Dr. Kralik found Plaintiff's estimated IQ to under 80, which is considered low average. (Tr. 306).

Also, Dr. Kralik gave Plaintiff a Global Assessment of Functioning ("GAF") of 31-40. (Tr. 308). A GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)). A GAF score of 40 to 50 also indicates a claimant suffers from severe symptoms. Specifically, a person with that GAF score suffers from "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

The ALJ accepted those portions of Dr. Kralik's report that supported his RFC but gave little weight to those opinions that did not and gave little weight to Plaintiff's GAF score and stated it was inconsistent with other findings in her report. (Tr. 421-422).

On July 22, 2008, Plaintiff was seen by Dr. Robert Spray for a Psychological Evaluation. (Tr. 404-410). During testing, Plaintiff achieved a verbal IQ score of 80, performance IQ of 87, and full scale IQ of 82, which placed her in the low average range of intelligence. (Tr. 407). This score

7

was in the similar range as found by Dr. Kralik. Dr. Spray also found Plaintiff had problems with authority; would resent rules and regulations; would be distracted by ruminative worry; and was socially isolated. (Tr. 410). In his opinion, the ALJ gave diminished weight to the opinions of Dr. Spray because his report was done for the purpose evaluating Plaintiff's parenting skills and not for the purpose of determining work like tasks. (Tr. 422). However, the ALJ fails to explain how this should diminish the findings of Dr. Spray.

Finally, on December 16, 2011, Plaintiff was seen by Dr. Patricia Walz for a Mental Diagnostic Evaluation. (Tr. 581-590). Dr. Walz gave Plaintiff a GAF score of 50-60 based on a death wish. (Tr. 585). Dr. Walz indicated Plaintiff was markedly limited in her ability deal with work stresses, maintain attention and concentration for extended periods of time, perform activities within a schedule, maintain regular attendance, avoid undue constriction of interests, and deal with the general public. (Tr. 587-589). Dr. Walz also indicated Plaintiff was severely limited in her ability to work in coordination with or proximity to others, complete a normal workday or workweek without interruptions from psychologically based factors, demonstrate reliability, and perform other work-related functions. (Tr. 587-589). Dr. Walz was of the opinion Plaintiff's anxiety and panic would interfere with concentration and attendance. (Tr. 588).

The ALJ stated he gave these opinions little weight because they were inconsistent with other findings in Dr. Walz's evaluation report. (Tr. 421-422). However, the ALJ gave substantial weight to the findings in support of his RFC decision because they were based on Dr. Walz's evaluation of Plaintiff. (Tr. 422).

The ALJ should not accept only a part of the opinions and findings of an examining psychologist without at least considering the other parts of that examining psychologist's opinions and findings. This is especially true where claims of a mental disability are involved, and the ALJ

is certainly not qualified to "pick and choose" from a psychologist's opinions and findings. *See Pratt v. Sullivan,* 956 F.2d 830, 833-34 (8th Cir. 1992) (holding that the ALJ should not substitute his own unsubstantiated conclusions concerning a mental impairment for the express diagnoses of the claimant's examining psychiatrists and psychologists).

At the very least, if the ALJ found this record was unclear, ambiguous, or inconclusive, the ALJ should have re-contacted Plaintiff's examining psychologists. 20 C.F.R. § 404.1512(e) (requiring the ALJ to re-contact the claimant's treating physician or psychologist or other medical source where the information the SSA receives from that source is inadequate to determine whether the claimant is disabled).

Based on the above, substantial evidence does not support the ALJ's findings regarding Plaintiff's RFC. Upon remand, the ALJ should more fully consider this record and re-contact Dr. Kralik, Sperry and Walz to assist with any inconsistencies the ALJ determines are contained in their reports.[2]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence. Accordingly, this Court recommends this case be **REVERSED and REMANDED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the**

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

9

district court.  *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

  **ENTERED** this **14th day of August, 2013.**

                /s/  Barry A. Bryant
                HON. BARRY A. BRYANT
                U. S. MAGISTRATE JUDGE